UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS ROSE,

      Petitioner,

                                                    CASE NO. 5:08-CV-10776
v.                                          JUDGE JOHN CORBETT O'MEARA
                                           MAGISTRATE JUDGE PAUL J. KOMIVES

BARBARA SAMPSON

      Respondent.[1]
      _____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Curtis Rose is a former state prisoner who, at the time he filed this petition, was incarcerated at the G. Robert Scott Correctional Facility in Jackson, Michigan. According to the Michigan Department of Corrections Offender Tracking Information System Website, petitioner was released on parole on February 17, 2010.[2]

---

[1] By Order entered this date, Barbara Sampson has been substituted in place of Debra Scutt as the proper respondent in this action.

[2] Petitioner's release on parole does not deprive this Court of jurisdiction. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis supplied by Court); *see also*, 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also, Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Petitioner is "in custody" here because (a) a petitioner on

2. On July 3, 2001, petitioner was convicted, in two separate cases, of three counts of criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a), pursuant to his no contest plea in the Saginaw County Circuit Court. On August 8, 2001, he was sentenced to a term of 81 months' to 25 years' imprisonment.

3. Petitioner did not initially request counsel or file an appeal of his conviction or sentence. On February 21, 2006, following the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), petitioner filed a request for the appointment of appellate counsel with the trial court. The trial court appointed counsel, and in November 2006 counsel filed a delayed application for leave to appeal, raising two issues:

   I. THE DEFENDANT IS ENTITLED BY LAW TO RAISE ALL THE ISSUES INVOLVED IN THIS APPLICATION FOR LEAVE TO APPEAL BASED ON THE FACT THAT HE WAS UNLAWFULLY DENIED EARLIER OF HIS RIGHT TO COUNSEL TO PURSUE HIS APPEAL OF HIS CONVICTION(S) AND SENTENCE(S).

   II. THE TRIAL COURT VIOLATED THE UNITED STATES AND MICHIGAN CONSTITUTIONS AND REVERSIBLY ERRED IN SENTENCING THE DEFENDANT TO A PRISON TERM IN LC #00-019131-FC OF 6 YEARS, 9 MONTHS TO 25 YEARS ON THE TWO CSC 1 CONVICTIONS AND TO A CONCURRENT PRISON TERM IN LC #01-019657-FC OF 6 YEARS, 9 MONTHS TO 25 YEARS ON THE CSC 1 CONVICTION.

On November 20, 2006, the court of appeals dismissed petitioner's delayed application for leave to appeal "for lack of jurisdiction because it was not filed within 12 months of the August 8, 2001, judgments of sentence as required by MCR 7.205(F)(3)." *People v. Rose*, No. 274213 (Mich. Ct. App. Aug. 8, 2001) (per curiam).

---

parole is "in custody" for purposes of habeas corpus, *Jones v. Cunningham*, 371 U.S. 236, 240-41 (1963); *DePompei v. Ohio Adult Parole Auth.*, 999 F.2d 138, 140 (6th Cir. 1993), and (b) jurisdiction is not defeated where the petitioner is in custody at the time the petition is filed, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *York v. Tate*, 858 F.2d 322, 324 (6th Cir. 1988).

2

4. Petitioner sought leave to appeal these issues to the Michigan Supreme Court. On May 30, 2007, the Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Rose*, 478 Mich. 868, 731 N.W.2d 711 (2007).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on February 25, 2008. As grounds for the writ of habeas corpus, he raises the denial of appeal claim that he raised in the state courts.

6. Respondent filed her answer on August 29, 2008. She contends that petitioner's application is barred by the statute of limitations.

B. *Statute of Limitations*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

28 U.S.C. § 2244(d).[3]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. In most cases, the starting date is provided by subparagraph (A), that is, the date the conviction becomes final. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner was sentenced on August 8, 2001. He then had 21 days in which to seek

---

[3]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

leave to appeal in the Michigan Court of Appeals, or one year in which to file a delayed application for leave to appeal. *See* MICH. CT. R. 7.205(A)(1), (F)(3). Assuming that the full year for filing a delayed application for leave to appeal determines the appropriate date petitioner's conviction became final, his conviction became final on August 8, 2002, when the time for filing a delayed application for leave to appeal expired. *See Jagodka v. Lafler*, 148 Fed. Appx. 345, 346 (6th Cir. 2005) (per curiam); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002) (Rosen, J.),[4] and the limitations period expired one year later on August 8, 2003. Because petitioner did not file his petition until February 25, 2008, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's request for appointment of counsel was filed in the trial court on February 21, 2006. By this time, however, the limitations period had been expired for over two years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his request for the appointment of counsel, the one-year

---

[4]"Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to file an application for leave to appeal with either the Michigan Court of Appeals or the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari." *Gordon v. Davis*, No. 06-CV-11882, 2007 WL 4327779, at *3 n.2 (E.D. Mich. Dec. 7, 2007) (Edmunds, J.).

5

limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.).

Thus, petitioner's habeas application is timely only if he is entitled to a delayed starting of the limitations period under § 2244(d)(1). The Court should conclude that he is not. Under § 2244(d)(1)(B), the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The Sixth Circuit, however, has concluded that the failure to appoint appellate counsel as required by *Halbert* does not constitute a state created impediment to filing. Rejecting a petitioner's argument that the failure to appoint appellate counsel as required by *Halbert* entitled him to delayed starting under § 2244(d)(1)(B), the court explained:

> [E]ven if the denial of appointed counsel impeded [petitioner's] pursuit of *direct* review, it did not obstruct his quest for *collateral* federal habeas relief–and that is the relevant question. [Petitioner] has no constitutional right to have the assistance of counsel in bringing a collateral action challenging his conviction, and thus this argument offers no basis for sidestepping the one-year bar.

*Inglesias v. Davis*, No. 07-1166, 2009 WL 875574, at *1 (6th Cir. Jan. 12, 2009); *see also*, *Hamilton v. Berghuis*, No. 07-15391, 2009 WL 804160, at *3 (E.D. Mich. Mar. 25, 2009) (Murphy, J.); *cf. Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (state's failure to give notice to petitioner of his appeal rights and to appoint appellate counsel did not constitute a state created impediment under § 2244(d)(1)(B) because "[a]lthough these actions may have interfered with [petitioner's] direct appeal in the state courts . . . [petitioner] has failed to explain how the actions prevented him

from filing his federal habeas corpus petition until 2001.").

Nor is petitioner entitled to delayed starting of the limitations period under § 2244(d)(1)(C), which provides that the limitation period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Here, the right asserted by petitioner was recognized in *Halbert* on June 23, 2005. The right constitutes a "new rule," *see Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008) (*Simmons II*) (en banc), however the rule has not been made retroactively applicable to cases on collateral review. On the contrary, in *Simmons* the en banc Sixth Circuit concluded that *Halbert* does not apply retroactively to cases on collateral review. *See Simmons II*, 516 F.3d at 451, *adopting Simmons v. Kapture*, 474 F.3d 869, 879-88 (6th Cir. 2007) (Reeves, J., dissenting) (*Simmons I*). Because *Halbert* does not apply retroactively to cases on collateral review, it does not provide a basis for delayed commencement of the limitations period under § 2244(d)(1)(C). *See Alfiero v. Warren*, No. 2:07-CV-14653, 2009 WL 3388607, at *5 (E.D. Mich. Oct. 16, 2009) (Tarnow, J.); *Hamilton*, 2009 WL 804160, at *3; *McElwain v. Burt*, No. 1:05-cv-828, 2009 WL 579388, at *2 (W.D. Mich. Mar. 5, 2009); *Neafer v. Davis*, No. 07-14561, 2008 WL 5423026, at *2 (E.D. Mich. Dec. 11, 2008) (Lawson, J.). Accordingly, the Court should conclude that petitioner's application is untimely, and should deny the petition on that basis.

C.   *Merits of Petitioner's <u>Halbert</u> Claim*

Alternatively, the Court should conclude that petitioner is not entitled to relief on the merits of his *Halbert* claim.

   1.   *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by

7

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court]

precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

9

2. *Analysis*.

The Michigan Constitution was amended in 1994 by the adoption of Proposal B to provide, in relevant part, that "except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of court." MICH. CONST. art. I, § 20. Pursuant to this provision, Michigan courts, in most cases, began to deny indigent defendants appointed counsel to pursue applications for leave to appeal from plea-based convictions, a practice subsequently codified by the Michigan legislature. *See Kowalski v. Tesmer*, 543 U.S. 125, 127 (2004); MICH. COMP. LAWS § 770.3a. Consistent with this state practice, the trial court denied petitioner's initial requests for appointment of appellate counsel. However, in *Halbert v. Michigan*, 545 U.S. 605 (2005), the Court held that this practice of denying counsel for the preparation of an application for "first-tier" appellate review was unconstitutional.

*Halbert*, as discussed above, did not exist at the time petitioner entered his plea or at the time his one year period for filing a delayed application for leave to appeal his conviction and sentence expired. Under *Teague v. Lane*, 489 U.S. 288 (1989), new constitutional rules of criminal procedure are "not be applicable to those cases which have become final before the new rules are announced," *id.* at 310, unless the rule (1) places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;" or (2) requires procedures which "are implicit in the concept of ordered liberty." *Id.* at 307 (internal quotations omitted). "A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994). Thus, petitioner's conviction became "final" for
10

*Teague* purposes when the one year period for filing an application for leave to appeal from his conviction and sentence expired. *See Simmons I*, 474 F.3d at 875 (where petitioner's plea was entered and requests for appointment of counsel were denied prior to *Halbert,* his conviction was "final" at the time *Halbert* was decided and *Teague* governed applicability of *Halbert* to the petition); *id.* at 880 (Reeves, J., dissenting) ("[I]t is not in dispute that Simmons' conviction was final at the time of the *Halbert* decision." And in *Simmons II*, the en banc Sixth Circuit held that "*Halbert* announced a 'new rule,' and that new rule neither decriminalizes a class of conduct nor is a 'watershed' rule." *Simmons II*, at 451. Thus, the court held that *Halbert* does not apply retroactively to cases which were final when that decision was entered. *See id.* Because petitioner's conviction was final when *Halbert* was decided, he may not rely on *Halbert* for relief. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

D.  *Recommendation Regarding Certificate of Appealability*

1.  *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a

"substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.  *Analysis*

Here, if the Court accepts my recommendation, the Court should also deny petitioner a certificate of appealability. Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show either that the Court's ruling on the procedural question is reasonably debatable, nor can he show that the petition states a valid claim of the denial of a constitutional right. With respect to the former, there is no question that petitioner's application is untimely unless he is entitled to delayed commencement of the limitations period based on *Halbert*. However, as explained above the courts that have considered the matter have uniformly concluded that *Halbert* does not constitute a state created impediment to filing or a new right made retroactive to cases on collateral review entitling a petitioner to delayed starting under § 2244(d)(1)(B) & (C). In light of this law, the conclusion that petitioner's application is barred by the statute of limitations is not reasonably debatable. Likewise, in light of the Sixth Circuit's en banc decision in *Simmons II*, it is not debatable that the Court is precluded from retroactively applying *Halbert* to grant petitioner relief. Thus, the conclusion that

13

petitioner is not entitled to habeas relief on the merits of his *Halbert* claim is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

E.  *Conclusion*

In view of the foregoing, the Court should that petitioner's habeas application is untimely. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. Alternatively, the Court should conclude that petitioner is not entitled to relief on the merits because the Court may not retroactively apply *Halbert*, and should deny the petition on this basis. If the Court accepts either or both of these recommendations, the Court should also deny petitioner a certificate of appealability.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                      s/Paul J. Komives
                                                      PAUL J. KOMIVES
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: 5/7/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 7, 2010.
>
>                               s/Eddrey Butts
>                               Case Manager